**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-7016**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus


TROY NOLAN BAZILIO,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Fox, Senior
District Judge.   (CR-93-41-F; CA-97-32-5-F)

———————

Argued:  September 28, 2004        Decided:  October 28, 2004

———————

Before MICHAEL and MOTZ, Circuit Judges, and Henry E. HUDSON,
United States District Judge for the Eastern District of Virginia,
sitting by designation.

———————

Vacated and remanded; authorization denied by unpublished per
curiam opinion.

———————

**ARGUED:** David M. Krinsky, GEORGETOWN UNIVERSITY LAW CENTER,
Appellate Litigation Clinic, Washington, D.C., for Appellant.  Anne
Margaret Hayes, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON
BRIEF:** Steven H. Goldblatt, Director, Cary Berkeley Kaye,
Supervising Attorney, Amy Oberdorfer Nyberg, Christen Sproule,
Student Counsel, GEORGETOWN UNIVERSITY LAW CENTER, Appellate
Litigation Clinic, Washington, D.C., for Appellant.  Frank D.

Whitney, United States Attorney, Rudy A. Renfer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Troy Nolan Bazilio, a federal prisoner, appeals the district court's denial of his motion for reconsideration of its order denying relief on his motion filed under 28 U.S.C. § 2255 (2000). Because Bazilio's motion for reconsideration attacks his conviction and sentence rather than any alleged defect in the collateral review process, it constitutes a successive § 2255 application, over which the district court lacked jurisdiction. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003), cert. denied, 124 S.Ct. 496 (2003).

In accordance with Winestock, however, we will construe Bazilio's notice of appeal and appellate brief as a motion for authorization to file a successive § 2255 application. Id. at 208. We have reviewed the record and conclude that Bazilio fails to meet the requirements for authorization to file such a successive application. In order to obtain authorization to file a successive § 2255 application, a movant must assert claims based on either: (1) newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C. § 2255 ¶ 8 (2000). Bazilio does not satisfy either of these conditions.

For these reasons, we vacate the order of the district court denying Bazilio's motion for reconsideration and remand with instructions to dismiss that motion for lack of jurisdiction.  To the extent Bazilio applies to us for authorization to file a successive § 2255 motion, we deny such authorization.

<u>VACATED AND REMANDED; AUTHORIZATION DENIED</u>